IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TERRANCE GIBSON,**

    **Plaintiff,**

vs.                                            Case No. 4:12cv449-RH/CAS

**KEN TUCKER,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 8. This version of the complaint has been reviewed pursuant to 28 U.S.C. § 1915A and it remains deficient. Because it does not appear that providing further leave to amend would be beneficial, it is recommended that the case be dismissed for the reasons explained below.

Plaintiff's amended complaint, doc. 8, alleges generally that Plaintiff received ineffective assistance of counsel which led him to enter a guilty plea pursuant to a plea agreement to charges for which Plaintiff now contends he is actually innocent. Plaintiff's conviction occurred on or about October 3, 2002, and Plaintiff was sentenced to 30 years imprisonment. Plaintiff also alleges that he has been denied access to the

courts because the Department of Corrections operates "a prison law library system that has inadequately trained and insufficient supervised prisoner law clerks that don't adequately inform a prisoner semi-literate and ignorant of law, of his rights and only pulled books for him [which] caused him to proceed on his own and file deficient petitions to the courts . . . ." *Id.* at 6-7. Plaintiff states that he is "semi-literate with an I.Q. of 72" and claims he "should have been offered assistance from the prison law clerks working in the prison law library other than just to pull books for him as he requests." *Id.* at 7. Plaintiff claims he was never "informed that he had the right to an assigned prisoner law clerk to assist him in preparing meaningful papers to the courts" and was "denied his fundamental federal remedial due process right to [adequate] access to the courts of his original due process deprivation." *Id.* at 7.

Plaintiff also claimed that inadequacies of the prison legal assistance program violated his due process rights. For example, Plaintiff contends that at an unspecified point in time, the Secretary of the Department of Corrections changed the amount of time the law library was open from 32 hours per week minimum to 25 hours. *Id.* at 8. Plaintiff does not, however, provide any facts which show that the reduction in hours impacted his ability to access the courts.

Plaintiff's allegations do not state a claim upon which relief may be granted. A claim that a prisoner is denied access to the law library hinges on the First Amendment's guarantee of the right to access the courts. *See* Bounds v. Smith, 430 U.S. 827, 97 S. Ct. 1491. 52 L. Ed. 2d 72 (1977)(reaffirming the long established principle that inmates have a fundamental constitutional right of meaningful access to the courts under the First Amendment), and cases cited therein. In Bounds, the

Supreme Court held that a state must give prisoners a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts" by providing some form of legal assistance. *Id.* at 825, 97 S.Ct. 1491, *quoted in* Barbour v. Haley, 410 F.Supp.2d 1120, 1126-27 (M.D. Ala. 2006). The specific form of legal assistance was left to the discretion of the States, but the Court specifically held that the "fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828, 97 S.Ct. 1491.

The Supreme Court once again addressed the right of access to the courts in Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The Court clarified that in presenting such a First Amendment claim, an inmate must allege "actual injury." Because an inmate's First Amendment right is not an "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.*, at 351, 116 S.Ct. at 2180. Thus, an inmate must show actual injury in that the conduct complained of must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim, *Id.*, at 352-54, 116 S. Ct. at 2181, and the legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action. Bass v. Singletary,

143 F.3d 1442, 1445 (11th Cir. 1998), *citing* <u>Lewis</u>, 518 U.S. at 352-57, 116 S. Ct. at 2181-82.[1]

The <u>Lewis</u> Court announced the following three-part test for determining whether a denial of access to the courts has, in fact, caused actual injury under the Constitution:

> 1. The action must involve an attack to the prisoner's sentence, directly or collaterally, or challenge the conditions of his confinement.
>
> 2. The prisoner must show the claim to which he was impeded was not frivolous.
>
> 3. The conduct complained of must have impeded the inmate's capability to file the nonfrivolous action challenging his sentence or the conditions of his confinement.

*Id*. at 1281-83.

Here, Plaintiff has met the first part of the test by explaining he sought to challenge his sentence and conviction. Yet Plaintiff does not allege that his claim was not frivolous, nor does Plaintiff show that policies or practices of the Department of Corrections impeded his ability to pursue his post-conviction challenges. While Plaintiff has claimed an insufficiency of assistance from inmate law clerks, Plaintiff has not demonstrated that the law library itself was inadequate. Under <u>Bounds</u>, that is enough. Plaintiff's allegations reveal that he was provided legal materials and had access to the courts to file a Rule 3.850 post-conviction motion and amended motion. *Id.* at 9. Plaintiff also filed an appeal to the First District Court of Appeal. Furthermore, by virtue of the fact that Plaintiff could communicate with inmate law clerks to obtain materials for him, it would appear that Plaintiff could have requested assistance had he desired to do

---

[1] "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." <u>Lewis</u>, 518 U.S. at 355, 116 S. Ct. at 2182.

Case No. 4:12cv449-RH/CAS

so. Plaintiff does not argue the inmate law clerks were unavailable to him, that they did not provide him with the materials he requested, or that the law clerks would not provide him with assistance. Plaintiff only alleged that he was not told he "had the right to an assigned prisoner law clerk to make his postconviction claims for him . . . ." *Id.* at 9. That is not the same as being unable to ask questions and seek assistance from the law clerks, regardless of whether one clerk could be "assigned" to him or not. Plaintiff alleged that in May of 2012, he "met an ex-prisoner law clerk and [was] asking his advice on how to get his sentence that he agreed on"[2] when he was advised "by the jailhouse lawyer upon review of his case" that he should have rejected the plea offer because of "his actual innocence." *Id.* at 10. Such an allegation demonstrates that law clerks are available to provide advice and assistance, whether assigned or not.

Plaintiff also claims his I.Q. of 72 hindered his ability to challenge his conviction, but Plaintiff makes only a conclusory assertion because Plaintiff does not allege he is illiterate, unable to write, or unable to understand the materials he was provided by the inmate law clerks. The fact that Plaintiff's I.Q. is 72, by itself, is insufficient to support his claim.[3]

Plaintiff's allegations essentially point to the denial of relief in Plaintiff's post-conviction pleadings as evidence that Plaintiff was denied access to the courts. Yet the

---

[2] It is noted that Plaintiff was sentenced to 30 years, and the plea offer was "for a sentencing range of 20-35 years imprisonment." *Id.* at 5. Plaintiff's sentence falls within the agreement.

[3] Review of the docket for case no. 1D04-2694, filed in the First District Court of Appeal, reveals that Plaintiff was sophisticated enough to have filed a notice of appeal and in forma pauperis motion on June 18, 2004, and on June 22, 2004, a petition for mandamus. The petition was ultimately denied as moot because the trial court had issued a ruling on his Rule 3.850 motion in case no. 00-360. *See* www.1dca.org.

fact that Plaintiff was not successful in those endeavors is not a basis for a First Amendment claim. Plaintiff points to no specific inadequacy of the prison law library which hindered his ability to access the courts. The Constitution does not guarantee the right to be successful in court, only to have "reasonable access to the courts." *See* Tafari v. McCarthy, 714 F.Supp.2d 317, 345 (N.D.N.Y. 2010), *quoting* Herrera v. Scully, 815 F.Supp. 713, 725 (S.D.N.Y. 1993) (citing Pickett v. Schaefer, 503 F.Supp. 27, 28 (S.D.N.Y. 1980)). Plaintiff was provided access to the courts and his First Amendment claim should be denied on the merits.

Moreover, even assuming Plaintiff could provide additional allegations to support his claim, it could not go forward. Plaintiff was convicted on October 3, 2002. Doc. 8 at 5. Plaintiff's Rule 3.850 motion was denied on August 3, 2004. *Id.* at 9-10. Plaintiff's appeal to the First District Court of Appeal "was per curiam affirmed without opinion May 18, 2005." *Id.* at 10. "On advice from a jail house lawyer,[4] [Plaintiff] then tried a petition for writ of habeas corpus" which he filed on May 22, 2006, but the petition was denied on May 24, 2006. *Id.*

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf

---

[4] That allegation also supports finding that Plaintiff was able to receive assistance from inmate law clerks, despite the fact that one law clerk was not assigned to him.

& Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988). Plaintiff's claims accrued in 2006 when he sought postconviction relief. Because more than four years have passed, Plaintiff's claims are barred by the statute of limitations and should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 8, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 13, 2012.


S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**